**U. S. BORAX & CHEMICAL CORPORA-TION, Plaintiff,**

v.

**David L. LADD, Commissioner of Patents, Defendant.**

**Civ. A. No. 1121–63.**

United States District Court
District of Columbia.
July 28, 1964.

958

Carl G. Love, Edward M. Prince, Cushman, Darby & Cushman, Washington, D. C., for plaintiff.

Clarence W. Moore, Sol., Washington, D. C., for defendant.

JACKSON, District Judge.

This civil action was brought pursuant to 35 U.S.C. § 145 seeking the judgment of this Court authorizing the defendant, Commissioner of Patents, to issue Letters Patent of the United States containing claims 53, 54 and 55 of an application Serial No. 129,535 entitled "Fabric Laundry Compositions", filed August 7, 1961, by Richard C. Speak, and Paul M. McConnell, and assigned to the plaintiff.

The invention described in the application relates to a bleaching and washing tablet which consists of an inner core of a substantially dry, solid chemical bleach material and an outer coating which surrounds the core and is composed of a substantially dry, solid, water-soluble washing agent. The tablet is so constructed that when placed in a home laundry washing machine from 1 to 5 minutes is required to dissolve the outer coating. At the end of that time, the solid bleach in the core of the tablet is then exposed to and dissolved in the laundry washing solution.

Claim 53 is representative of the issues presented in the case, and reads as follows:

*Claim 53.*

"A substantially dry, stable, multifunctional washing and bleaching laundry tablet for sequential introduction of, firstly, effective amounts of fabric washing agents and laundry additives and, secondly, effective amounts of bleach into a laundry washing solution, which tablet consists of (1) a solid, substantially dry, water-soluble core and (2) a solid, substantially dry, water-soluble coating contiguous with and completely enclosing said core, said core consisting essentially of a bleach selected from the class consisting of oxygen and chlorine water-soluble solid bleaches, and said coating consisting essentially of at least one water-soluble fabric washing agent selected from the class consisting of soaps, non-soap synthetic organic detergents, organic sequestering agents, and inorganic water softeners, said coating being formulated and present in an amount such that when said tablet is exposed to said laundry solution said coating requires a minimum period of time within the range of from about one to about five minutes to substantially completely dissolve, the inner core remaining intact until the outer coating has dissolved, whereby exposure and introduction of said bleach into said laundry washing solution is delayed for at least said minimum period of time, and said bleach is introduced into the laundry washing solution with freedom from local heavy concentration for affording maximum effectiveness of said laundering agents and maximum safety for the articles to be laundered."

All of the claims were rejected by the Examiner on the ground that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art, 35 U.S.C. § 103.

The prior art relied upon to show obviousness was a United States patent to Stoddard, No. 1,854,235, a United States patent to Houser et al., No. 2,979,936, and a United States patent to Gottfried, No. 2,863,800. A United States patent

to Stephanou et al., No. 2,977,314, and a German patent to Wilson, No. 1,074,188, were also cited by the Examiner but were regarded by both the Examiner and the Board of Appeals as cumulative to Gottfried.

The Stoddard patent discloses a detergent product intended for use in automatic dishwashing machines. The patent embraces two embodiments, the first of which consists of a "soap mixture in a relatively fine state of division which is coated with a substantial layer of trisodium phosphate". This mixture is made either by "spray-drying" a suspension of soap in a concentrated solution of trisodium phosphate, or by actually coating comminuted particles of soap with trisodium phosphate by means of a spraying technique. The other embodiment of Stoddard's invention consists of a capsule having an interior compartment filled with soap and an exterior compartment filled with trisodium phosphate. The exterior and the interior portions of the capsule are separated and enclosed by a skin or shell of material which either disintegrates or dissolves when placed in a cleansing liquid. Gelatin is specifically mentioned as a material from which the layers may be made. The capsule is described as being symmetrical in shape with round ends and as having a diameter of 1 inch, and a length of 2½ inches.

The Houser et al. patent, No. 2,979,936, discloses an automatic washing machine which includes a mechanism for introducing detergent and optical brightener (brightening agent) into the wash water in a first step, and then introducing liquid bleach after a certain time interval has expired.

The Gottfried patent, No. 2,863,800, discloses a composition containing a solid bleach and a synthetic organic detergent wetting agent. The composition takes the form of an intimately blended granular mixture of the two ingredients. The mixture is intended to dissolve within a period not exceeding a minute when the average size of the particles in the mixture does not exceed 10 microns.

In the technology of laundering clothes it is widely acknowledged that superior results can be accomplished by delaying the injection of bleach into the washing solution until such time as the washing detergent or soap and the various brightening agents have ample time to do their work. It is also known that various optical brightening agents now used to enhance the whiteness and color brightness of fabrics are destroyed in aqueous solution by the action of oxidizing agents such as chemical bleaches. It was in conformance with this knowledge that plaintiff's tablet was devised. By means of the tablet's construction, the injection of bleach into the washing solution is delayed until the outer-coating of soap or detergent has first dissolved and performed its washing function.

The basis for denying the plaintiff patent protection was a holding by the Patent Office that the tablet construction was obvious in view of the references cited. The Patent Office's position was, first, that the Houser et al. disclosure of a mechanical apparatus for delaying the injection of bleach into the wash until a predetermined time after injection of the detergent or soap would have informed persons skilled in the art of the desirability of the result the plaintiff's capsule is alleged to have produced. Second, the Patent Office construed the Stoddard patent as suggesting that plaintiff's particular tablet composition would have been an obvious method of achieving such a result. This latter construction was based upon the language in Stoddard's disclosure which states that the trisodium phosphate is intended to dissolve first, and thus soften the surrounding water so the interior core of soap may be more readily dissolved.

As stated above, the Gottfried patent describes an "intimately blended granular mixture" of a solid bleach and a "wetting agent". The Patent Office relied upon a statement in that patent that in the event the particles are undesirably large a longer time is required for them to dissolve. The purpose of the wetting agent in Gottfried's patent is to prepare

the solution for a more thorough dissolving action on the part of the bleach.

After a detailed examination of the cited references, and a careful study of the testimony presented at trial as to the meaning of these references within the context of the laundry art, it is the opinion of the Court that the Patent Office erred in its interpretation of what the references in fact disclosed.

The showing by the Houser et al. apparatus that sequential injection of detergent and bleach is desirable constitutes little more than a declaration that an acknowledged problem exists. In the context of laundry tablets such an elaborate mechanism for accomplishing this result implies, if anything, that plaintiff's simple and straightforward approach was certainly not in the minds of those who were most familiar with the technology involved.

The essential difficulty in attempting to equate the Stoddard patent with the plaintiff's tablet construction is simply that Stoddard in no way discloses a tablet. The first embodiment of this patent was devoted exclusively to a finely divided flake product which is intended to dissolve as rapidly as possible in a *dishwashing* solution. Dissolving in stages is only important to Stoddard insofar as the water is prepared for the soap by the trisodium phosphate in such a way as to enable the soap to dissolve more rapidly. The desirability of retarding the injection of the soap into the solution until a predetermined amount of washing was completed did not and could not have occurred to Stoddard, since when washing dishes the problems incident to bleaching do not arise. Flakes, and not tablets, were the obvious vehicles for getting Stoddard's soap into the water.

The second embodiment of Stoddard is devoted to a capsule which approximates, in size at least, what is normally thought of as a "tablet". It is in no sense, however, similar to, or suggestive of, a "tablet" of the kind the plaintiff has claimed. The gelatin shells of Stoddard serve to retain the soap and trisodium phosphate particles in what are in fact concentric containers. The composition of the soap and the trisodium phosphate within the walls of this container is in both cases in the nature of a finely divided flake or powder substance, and is measured in terms of "table spoonfulls".

In neither of these embodiments can it be fairly said that a tablet is suggested. Certainly, a flake is not a tablet, and neither is a container.

Even after the unwarranted interpretation of Stoddard as revealing a tablet, the Patent Office had to go still further and rely upon the patent to Gottfried in order to introduce the concept of having a bleach and a detergent associated with one another in a single laundry product. Gottfried, however, does not even show a coated flake. This patent contemplates no more than a mixture of bleach and soap which is intended to dissolve as rapidly as possible in a washing solution. This is accomplished by limiting the size of the individual particles to about "10 microns or less". Hence, Gottfried does not contemplate a slowly dissolving tablet as does the plaintiff, but rather a finely divided substance which dissolves "within a matter of seconds". In view of such minute particle sizes, and the desire to effect rapid solution, the Court does not believe it can be fairly said that Gottfried suggests constructing a comparatively large tablet which dissolves only in a series of predetermined chronological phases.

In addition to the evidence demonstrating that the references were inaccurately interpreted by the Patent Office, it was also shown at trial, through expert testimony, that results achieved with plaintiff's tablet construction proved superior to those obtained while using the same ingredients (as contained by the tablet) in finely divided form. Moreover, the self-contained ability of the tablet to supply the bleach to the washing solution at the proper time undeniably eliminates the need for repeated trips to the washing machine on the part of the housewife

for the purpose of adding the bleach manually.

After considering the record in the Patent Office, the evidence adduced at trial, and the briefs of the parties, it is the opinion of the Court that the evidence carries a thorough conviction that the Patent Office has erred.

Accordingly, the Court finds for the plaintiff and against the defendant, and authorizes the Commissioner of Patents to issue Letters Patent of the United States containing claims 53, 54 and 55 of the application in suit.

The above Opinion contains Findings of Fact and Conclusions of Law.